CV 12-5038

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CONSIDINE NANSARAM

                        Plaintiff,

        -against-

THE CITY OF NEW YORK; DETECTIVE GERARD
COUGHLIN [Shield # 268]; JANE BANZON;
NIEVES BANZON; POLICE OFFICERS "JOHN
DOE" and "JANE DOE", the names of the last
defendants being fictitious, the true names of
defendants being unknown to the Plaintiff.

                        Defendant(s)
----------------------------------------------------------------x

Civil Action No.: _____

CIVIL ACTION

VERIFIED COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

GARAUFIS, J.

MANN, M.J.

    TAKE NOTICE that the Plaintiff, Considine Nansaram, hereby appears in this action by his attorneys, Nnebe & Associates, P.C., and demands that all papers in this matter be served upon him at the address below.

    Plaintiff, Considine Nansaram, by his attorneys, Nnebe & Associates, P.C., complaining of the defendants, the City of New York, Detective Gerard Coughlin [Shield # 268], Jane Banzon and police officers "John Doe" and "Jane Doe" [collectively referred to as the Defendants], upon information and belief alleges as follows:

### NATURE OF THE ACTION

    1.    This is an action at law to redress the deprivation of rights secured to the Plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986 [and arising under the law and statutes of the State of New York].

    2.    This is an action to further seek compensation for the unlawful arrest, detention,

malicious prosecution, permanent personal injuries sustained by the plaintiff, as a result of the willfulness and negligence of the defendants, perpetrated while said defendant were in the process of illegally and unlawfully arresting plaintiff, detaining plaintiff and maliciously prosecuting the plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983, 42 USC §1985 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. At all times relevant to this action, plaintiff is a resident of the of the State of New York.

7. Defendant Detective Gerard Coughlin [Shield #268] ("Coughlin") is a police officer for the City of New York assigned to NPPD 115th Precinct Detective Squad ("115th Precinct"), acting under the color of state law. Detective Coughlin is being sued in both his individual and official capacity.

8. Defendant Jane Banzon ("Jane") is a resident of the State of New York and former wife

of plaintiff with whom plaintiff has a child.

9. Defendant Nieves Banzon ("Nieves") is a resident of the State of New York and mother of defendant Jane Banzon.

10. Defendants P.O. "John Doe" and "Jane Doe" are unknown police officers for the City of New York assigned to 115th Precinct, acting under color of state law. They are being sued in both their individual and official capacity.

11. The defendant, City of New York ("City") is a municipality in the State of New York and employs the defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. Plaintiff and defendant Jane were parties in a Family Court proceeding in Docket Number 017831/10 at the Queens County Family Court. In the said proceeding, an order of protection was issued by Marva A. Burnett, Attorney Referee, effective from July 29, 2010 to August 30, 2010. Plaintiff has never and did not violate the order of protection.

13. On or about August 23, 2010, defendant police officers assigned to the 115th Precinct, without probable cause and or justification, arrested plaintiff at Queens Family Court while plaintiff was attending a court appearance for visitation petition, and falsely charged plaintiff with PL 215.50-3 "Criminal Contempt in the Second Degree", PL 240.20-1A "Aggravated Harassment in the Second Degree", PL 240.30-1B "Aggravated Harassment in the Second Degree", PL 240.30-2 "Aggravated Harassment in the Second Degree", and PL 240.26-1 "Harassment in the Second Degree".

14. Defendant police officers upon arresting plaintiff only informed plaintiff that there is an order of protection issued by the family court prohibiting him from communication and/or contact with defendant Jane. Defendant police officers did not inform plaintiff how and when he violated the said order of protection, even though plaintiff repeatedly requested.

15. Despite not informing plaintiff how he violated any order of protection, the defendant police officers proceeded to arrest the plaintiff. Plaintiff was rear-cuffed and placed at the back of the squad car. Plaintiff demanded to be informed of the reason for his arrest but was rebuffed by the defendant police officers. Thereafter the police officers transported the plaintiff to the 115 Precinct where he was held for over 24 hours. Plaintiff's continued request to be informed of how and when he violated the order of protection was rebuffed by the police officers.

16. While at the precinct, plaintiff was pedigreed and detained for a lengthy period of time by the defendant police officers. During the time while plaintiff was illegally detained, plaintiff's requests for medical treatment, food and drink were denied. During the entire time, plaintiff was not afforded any opportunity to speak with his counsel or to even contact his family and friends and inform them of his arrest and or whereabouts.

17. While at the precinct plaintiff was fingerprinted and photographed, and thereafter transported to the Central Booking Division at the Criminal Court where he was placed in a "holding pen" along with numerous other arrested persons and falsely charged with five count charges of PL 215.50-3 "Criminal Contempt in the Second Degree", PL 240.20-1A "Aggravated Harassment in the Second Degree", PL 240.30-1B "Aggravated Harassment in the Second Degree", PL 240.30-2 "Aggravated Harassment in the Second Degree", and PL 240.26-1 "Harassment in the Second Degree".

18. While plaintiff was released from custody, he subsequently returned to the Criminal Court numerous times to defend the false and malicious charges that were leveled against him by the defendants. In or about November 4, 2011, over 15 months thereafter and after numerous court appearances, the false charges against plaintiff by the defendants were dismissed.

19. While plaintiff was arrested, detained, and charged with Criminal Contempt in the Second Degree for violating an order of protection against defendant Jane, the accusatory instrument

signed by defendant Coughlin stated only that defendant Jane informed him that an order of protection was issued against the plaintiff prohibiting him from communication and/or contact with defendant Jane. Nowhere in the accusatory instrument and/or the supporting deposition was any allegation made by defendant Jane to detective Coughlin as to where and how plaintiff violated the order of protection. Defendant Coughlin knew or ought to have known that plaintiff did not violate any order of protection or any law of the State of New York requiring his arrest, detention and prosecution but rather proceeded to sign and file the accusatory instrument in furtherance of the conspiracy between the defendants.

20. To falsely justify the false and illegal arrest, detention and malicious prosecution of the plaintiff, the defendants conspired amongst themselves to contrive and allege in the accusatory instrument signed by defendant Coughlin that plaintiff made numerous phone calls to defendant Nieves during the month of June 2010 to August 2010, sometimes several times a day and at all times of the day, including up to 3:00 a.m.

21. Plaintiff did not make the alleged phone call to defendant Nieves, and defendant police officer knew or ought to have known that plaintiff made no such phone call to defendant Nieves. Further, there is no order of protection or any other lawful order prohibiting plaintiff from communicating or contacting defendant Nieves, his mother-in-law, which plaintiff could have violated to warrant his arrest, detention, and prosecution for Criminal Contempt in the Second Degree; rather defendant Coughlin proceeded to sign and file the accusatory instrument in furtherance of the conspiracy between the defendants. Moreover, plaintiff was never arrested, detained or prosecuted for any unlawful act towards defendant Nieves; rather, it was stated that the alleged conduct were directed towards defendant Jane, the complainant.

22. Even though the defendants knew, or should have known based on the facts, that plaintiff did not commit any crime or offense, they still proceeded to falsely and maliciously arrest plaintiff,

5

charged him with five criminal offenses, assaulted and incarcerated plaintiff just to intimidate him. Defendant officers' actions were done with malice and in furtherance of their conspiracy with defendants Jane and Nieves to arrest and file criminal charges against plaintiff for the sole purpose of having plaintiff not exercise his constitutional right to petition for visitation of his child and attend the Family Court proceedings.

23. That at no time during the arrest was plaintiff read his Miranda rights. Plaintiff was maliciously prosecuted without any just cause or reason, and with defendant police officers fully aware that plaintiff was innocent of the charges against him at all times relevant.

24. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did plaintiff trespass or obstruct any act or administration of government, or engage in any conduct which in any way justified the illegal and unlawful actions of the defendants.

25. As a direct and proximate result of defendants' actions, plaintiff suffered and continue to suffer serious injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of his bodies some or all of which may be permanent.

26. The illegal and unlawful arrest of plaintiff and his wrongful imprisonment, particularly in light of the fact that the defendants had full knowledge of the lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

27. As a direct and proximate result of plaintiff's illegal and unlawful detention and confinement, plaintiff has lived and continues to live in constant fear, continues to suffer from nightmares, is now fearful of stepping outside and whenever he sees a police officer or is in the midst of police officers, he suffers various emotional setbacks and attacks. Additionally, plaintiff has been unable

to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home, work and family circles.

28. As a direct and proximate result of defendants' actions, plaintiff was deprived of his due process rights, remedies, privileges, and immunities under the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

29. Defendant City of New York, acting through the New York Police Department, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exits for such arrest. Additionally, defendant City of New York, acting through Queens County District Attorney Richard A. Brown and the Office of the District Attorney of the County of Queens, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, initiating criminal actions and the duty and or obligation of candor toward the court.

30. That defendant City of New York maintained the above described policies, practices, customs or usages knowing full well that the policies, practices, customs or usages lead to improper conduct by its police officers, District Attorneys, Assistant District Attorneys and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of the plaintiff injuries as described herein.

31. The actions of defendants police officers, acting under color of State law, deprived

plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to free speech, to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

32. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

## AS A FIRST CAUSE OF ACTION:
## 42 U.S.C § 1983 – Defendant Officers

33. Plaintiff hereby restates paragraphs 1-32 of this complaint, as though fully set forth below.

34. By detaining and imprisoning plaintiff without justification, probable cause or reasonable suspicion, and using excessive force, defendant officers deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

35. In addition, the defendant police officers conspired with other individuals and among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

36. The defendant police officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as agents and

officers of the City of New York Police Department. Said acts by the individual defendant officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and the individual defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

37. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A SECOND CAUSE OF ACTION:
### Excessive Force – defendant police officers

38. Plaintiff hereby restates paragraphs 1-37 of this complaint, as though fully set forth below.

39. In using excessive force, physically assaulting, tightly handcuffing, threatening, intimidating plaintiff, the individual defendants, acting in their capacities as agents and officers of the City of New York Police Department, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon the plaintiff.

40. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A THIRD CAUSE OF ACTION:
### False Arrest and False Imprisonment - all defendants

41. Plaintiff hereby restates paragraphs 1-40 of this complaint, as though fully set forth below.

42. The defendants conspired to wrongfully, illegally and unlawfully arrested, detained, and imprisoned the plaintiff.

43. The wrongful arrest, detention, and imprisonment of plaintiff were carried out without a

valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion or cause.

44. At all relevant times, the defendants acted with excessive force in apprehending, detaining, and imprisoning the plaintiff. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably harassed, detained, threatened, deprived of him liberty, and imprisoned. All of the foregoing occurred without any fault or provocation on the part of the plaintiff.

45. The defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward the plaintiff.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION:
### Malicious Prosecution - all defendants

47. Plaintiff hereby restates paragraphs 1-46 of this complaint, as though fully set forth below

48. Following his release from incarceration, plaintiff returned to the Criminal Court on numerous occasions by court orders to defend the false and malicious charges that were levied against him by the defendants. Eventually, the charge against plaintiff was dismissed.

49. As a result of defendants' actions plaintiff was deprived of his liberty and due process rights and was restricted in his ability to travel and engage in his usual occupation and normal lifestyle, was made to incur costs, expenses and attorneys' fees in defense of the malicious charges.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A FIFTH CAUSE OF ACTION:
### 42 U.S.C Section 1985-against Defendant Officers, Jane Banzon and Nieves Banzon.

51. Plaintiff hereby restates paragraphs 1-50 of this complaint, as though fully set forth below

52. Defendants police officers, Jane and Nieves conspire amongst themselves to deter plaintiff, by force, intimidation, or threat, from freely, fully, and truthfully attending or testifying at the Family Court proceedings between the plaintiff and defendant Jane at the Queens County Family Court; to injure plaintiff in his person or property on account of his having so attended or testified at said Family Court proceeding; and to impede, hinder, obstruct, or defeat, by force, intimidation, or threat, the due course of justice at the Queens Family Court, with intent to plaintiff the equal protection of the laws, and to injure him or his property for lawfully enforcing, or attempting to enforce, his right to the equal protection of the laws, in violation of 42 U.S.C. Section 1985.

53. Defendant police officers, Jane Banzon and Nieves Banzon conspired and agreed amongst themselves, and with intent and purpose to deny plaintiff of the equal protection of the laws, to intimidate, hinder, defeat, obstruct, and injure plaintiff for lawfully enforcing or attempting to enforce his rights and the due course of justice, and deprived plaintiff of equal protections, rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1985, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

54. In furtherance of the conspiracy aforesaid, defendants knowingly, falsely and maliciously arrest, detain, and prosecute the plaintiff on a knowingly false allegation that plaintiff violated an order of protection against defendant Jane. Defendants Jane and Nieves provided false allegation that plaintiff contacted defendant Jane in violation of an order of protection, and defendant Coughlin, knowing same to be false and without legal or factual basis, proceeded to rely upon the allegations to arrest, detain, execute the accusatory instrument, and maliciously prosecute the plaintiff. Defendants acted willfully, knowingly, and with the specific discriminatory animus based on plaintiff's race to deprive the plaintiff of his constitutional rights to equal protection, privileges, and immunities of the laws secured by 42

U.S.C. Section 1985, and by the Fourth and Fourteenth Amendments to the United States Constitution.

55. Defendant officers knew about the conspiracy herein mentioned and have the power to prevent or aid in preventing same, but neglects or refuses to do so; rather defendant officers conspired to facilitate it. As a direct and proximate result of the conspiracy detailed above, plaintiff sustained the damages herein before stated, including detention, assault, malicious prosecution, and emotional distress.

## AS A SIXTH CAUSE OF ACTION:
### Due Process Rights - all defendants

56. Plaintiff hereby restates paragraphs 1-55 of this complaint, as though fully set forth below.

57. The acts described herein had the intent and the effect of grossly humiliating and debasing the plaintiff and inciting fear and anguish. These acts included, among other things, assault, denial of food and water, subjection to illegal bodily searches, sleep deprivation, lack of basic hygiene, exposure to prison inmates with history of violence and sexual abuse or depravation, exposure to violent aggressions, assault and harassment, denial of medical treatment, denial of access to medication and proper medical care, and denial of visitation and communication with family and friends.

58. Defendants are liable for said conduct in that defendants participated in, set the conditions, directly and or indirectly facilitated, ordered, acquiesced, confirmed, ratified and or conspired together in denying the plaintiff of his due process rights.

59. Plaintiff suffered severe immediate physical and psychological abuse as a result of the acts alleged herein. Plaintiff continues to suffer profound physical and psychological trauma from the acts alleged herein.

60. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A SEVENTH CAUSE OF ACTION:
### Illegal and Unreasonable Search & Seizure – defendant police officers

61. Plaintiff hereby restates paragraphs 1-60 of this complaint, as though fully set forth below.

62. The defendant police officers wrongfully, illegally, unlawfully and unreasonably performed a bodily search of the plaintiff.

63. The wrongful, illegal, unlawful and unreasonable search and seizure were carried out without warrant, without plaintiff's consent and without probable cause or reasonable suspicion.

64. All of the foregoing occurred without any fault or provocation on the part of the plaintiff, and were in violation of the Fourth Amendment to United States Constitution.

65. The defendant police officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward the plaintiff.

66. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A EIGHT CAUSE OF ACTION:
### New York State Constitution, Art. I, §§ 5, 8, 11 & 12 – all defendants

67. Plaintiff hereby restates paragraphs 1-66 of this complaint, as though fully set forth below.

68. By reason of the foregoing, and by arresting, detaining and imprisoning the plaintiff without probable cause or reasonable suspicion, and defaming, harassing and assaulting the plaintiff and depriving plaintiff of freedom of speech and equal protection of laws, defendants deprived the plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 8 (guaranteeing freedom of speech), Article 1,

§ 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

69. In addition, the defendant police officers conspired among themselves and conspired with the other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

70. The defendant police officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as officers, agents, or employees. Defendant police officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant police officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 8, 11 & 12 of the New York Constitution.

71. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A NINTH CAUSE OF ACTION:
### Assault – defendant police officers

72. Plaintiff hereby restates paragraphs 1-71 of this complaint, as though fully set forth below.

73. For no just cause or excuse defendant police officers pushed plaintiff's hand behind his back, tightly placed handcuffs on his hand, and violently threw him into the back of the squad car with great force and viciousness causing plaintiff to sustain serious injuries.

74. By reason of and as a consequence of the assault, plaintiff sustained serious bodily injuries with the accompanying pain and were rendered sick, sore, and bruised and sustained, among

other injuries, severe headaches, back pains, arm/shoulder tear/strain/sprain, and pain on various parts of his respective bodies.

75. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant police officers' propensity for violence and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff safety and security and failed to protect and or safeguard plaintiff's interests.

76. That plaintiff was rendered sick for an extended period of time as a result of his injuries and was thereby prevented, and will be prevented, from pursuing his usual and ordinary vocation.

77. That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

78. That plaintiff have thus far expended a substantial amount of money and incurred a lot of expenses as a result of defendants' actions, and will be required to expend and incur future expenses for medical treatment and other related expenses.

79. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer serious injuries some or all of which may be permanent.

80. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

### AS A TENTH CAUSE OF ACTION:
**Intentional Infliction of Emotional Distress - all defendants**

81. Plaintiff hereby restates paragraphs 1-80 of this complaint, as though fully set forth below.

82. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

83. That plaintiff's emotional distress has damaged his respective personal and professional

lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, detention, imprisonment, and malicious prosecution by defendants.

84. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A ELEVENTH CAUSE OF ACTION:
### Negligent Infliction of Emotional Distress - all defendants

85. Plaintiff hereby restates paragraphs 1-84 of this complaint, as though fully set forth below

86. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

87. That plaintiff's emotional distress has damaged his respective personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, detention and imprisonment by defendants.

88. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS AN TWELFTH CAUSE OF ACTION:
### Negligent Hiring and Retention of Employment Services
### - against defendant City of New York

89. Plaintiff hereby restates paragraphs 1-88 of this complaint, as though fully set forth below

90. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

91. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that

an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

92. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that the defendant police officers were not prudent and were potentially dangerous.

93. Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendant police officers proximately caused plaintiff's injuries.

94. Upon information and belief, because of defendant City of New York's negligent hiring and retention of the defendant police officers, plaintiff incurred and sustained significant and lasting injuries.

## RESPONDEAT SUPERIOR

95. Defendants, its officers, agents, servants, and employees are responsible for the damages suffered by plaintiff; defendant City of New York, as employer of the defendant police officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

## DECLARATORY RELIEF

96. By reason of the foregoing, defendants deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities guaranteed under the laws of the United States. As such, plaintiff are entitled to a declaration from this Court that the defendants willfully violated plaintiff' due process rights, and rights, remedies, privileges, and immunities guaranteed under the laws of the United States in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

## SPECIFIC RELIEF

97. Plaintiff seeks an order of injunction prohibiting defendants from engaging in the

unlawful conduct described herein.

**WHEREFORE**, plaintiff respectfully request judgment against the defendants as follows:

1. On the First Cause of Action against all defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorney's fees and costs under 42 U.S.C. § 1988;

2. On the Second Cause of Action, against defendant police officers, compensatory and punitive damages in an amount to be determined at trial;

3. On the Third Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant police officers in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant police officers in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant police officers in an amount to be determined at trial;

6. On the Sixth Cause of Action, against defendant police officers, compensatory and punitive damages in an amount to be determined at trial;

7. On the Seventh Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant police officers in an amount to be determined at trial;

8. On the Eighth Cause of Action, against defendant police officers, compensatory and punitive damages in an amount to be determined at trial;

9. On the Ninth Cause of Action, against all defendants, compensatory damages in an

amount to be determined at trial, punitive damages against defendant police officers in an amount to be determined at trial;

10. On the Tenth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant police officers in an amount to be determined at trial;

11. On the Eleventh Cause of Action, against defendant City of New York, compensatory damages in an amount to be determined at trial;

12. On the twelfth Cause of Action, against defendant City of New York, compensatory damages in an amount to be determined at trial; and

13. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, New York
October 8, 2012.

Respectfully Submitted

NNEBE & ASSOCIATES, P.C.

By: _____
Okechukwu Valentine Nnebe (ON6147)
255 Livingston Street, 3rd Floor
Brooklyn, New York 11217
Tel. No.: (718) 360-5808
Fax No.: (718) 360-0843
Attorneys for Plaintiff

**VERIFICATION**

STATE OF NEW YORK   )
COUNTY OF KINGS     ) SS.:

CONSIDINE NANSARAM, being duly sworn, deposes and says:
I am the Plaintiff in the within action; I have read the foregoing verified complaint and know the contents thereof and the same is true to my own knowledge except as those matters alleged to be upon information and belief, and that as to those matters, I believe them to be true.

_____
Considine Nansaram

Sworn to before me
this 8th day of October 2012

_____
Notary Public

O. VALENTINE NNEBE, ESQ.
Notary Public, State of New York
NO. 02NN6131702
Qualified in Kings County
Commission Expires August 15, 2013