UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CONSIDINE NANSARAM,

                Plaintiff,                          **MEMORANDUM & ORDER**

      -against-                               12-CV-5038 (NGG) (RLM)

THE CITY OF NEW YORK; DETECTIVE GERARD
COUGHLIN [SHIELD #268]; JANE BANZON; NIEVES
BANZON; POLICE OFFICERS "JOHN DOE," and
"JANE DOE," the names of the last defendants being
fictitious, as the true names of defendants being unknown
to the Plaintiff,

                Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      On October 9, 2012, Plaintiff Considine Nansaram ("Plaintiff" or "Nansaram") filed suit against Defendants the City of New York (the "City"), Detective Gerard Coughlin ("Coughlin"),[1] and civilians Jane and Nieves Banzon ("Jane" and "Nieves," respectively, and "the Banzons," collectively). (Compl. (Dkt. 1).) Plaintiff asserts twelve causes of action in his Complaint. The First Cause of Action charges Coughlin with violating 42 U.S.C. § 1983 by arresting and imprisoning Plaintiff without probable cause and using excessive force, and conspiring with others to do the same, thereby depriving Plaintiff of "his due process rights, and rights . . . guaranteed by the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution." (Id. ¶¶ 34-35.) The Second through Fourth Causes of Action appear to assert state law claims for excessive force (against Coughlin), false arrest and false imprisonment (against all defendants) and malicious prosecution (against all Defendants),

---
[1] The Complaint also includes as Defendants two unnamed officers of the New York City Police Department (the "NYPD"), who have not been identified or served.

1

respectively. (Id. ¶¶ 38-50.) The Fifth Cause of Action accuses Coughlin and the Banzons of participating in a race-based conspiracy against Plaintiff, in violation of 42 U.S.C. § 1985. (Id. ¶¶ 52-55.) The Sixth Cause of Action, titled "Due Process Rights," complains of the conditions to which Plaintiff was allegedly subjected during his 23 hours in custody. (Id. ¶¶ 57-59.) The Seventh Cause of Action charges Coughlin with wrongfully performing a "bodily search" of Plaintiff. (Id. ¶¶ 62-65.) The Eighth through Eleventh Causes of Action allege state law violations: various violations of the New York State Constitution (Eighth Cause of Action, against all Defendants), assault (Ninth Cause of Action, against Coughlin), as well as intentional (Tenth Cause of Action) and negligent (Eleventh Cause of Action) infliction of emotional distress, against all Defendants. (Id. ¶¶ 68-88.) The Twelfth (and final) Cause of Action charges the City with the negligent hiring and retention of the offending police officers. (Id. ¶¶ 90-94.)

On July 27, 2014, Defendants Coughlin and the City (together "City Defendants") moved for summary judgment dismissing all claims against them. (Not. of Mot. For Summ. J. (Dkt. 53).) The Banzons also moved for summary judgment or, in the alternative, dismissal for failure to state a claim for all claims against them. (Banzons' Mem. Of Law in Support of Mot. to Dismiss/Summ. J. (Dkt. 64).) The undersigned referred the motion to Magistrate Judge Roanne L. Mann for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (See Oct. 8, 2014, Order.) On July 2, 2015, Judge Mann issued her R&R, recommending that City Defendants' motion be granted, that the Banzons' motion be granted with respect to Plaintiff's federal claims, and that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims against the Banzons. (R&R (Dkt. 68) at 37-38.) On July 20, 2015, Plaintiff filed an objection to Judge Mann's R&R (Pl.'s Obj. to Magistrate's R&R ("Pl.'s Obj.") (Dkt. 69)), and on August 3, 2015,

City Defendants filed a Response to Plaintiff's Objection. (Defs.' Resp. to Pl.'s Obj. to Magistrate's R&R (Dkt. 70).) The Banzons did not file a response to Plaintiff's Objection. For the reasons set forth below, Plaintiff's objections are OVERRULED and the R&R is ADOPTED IN FULL.

## I. BACKGROUND

The court assumes familiarity with the underlying factual record, as set forth in detail in Judge Mann's R&R. (R&R at 2-10.)

## II. STANDARD OF REVIEW

In reviewing the R&R of a dispositive matter from a magistrate judge, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); see also Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the Report and Recommendation has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review, an objecting party "must point out the specific portions of the report and recommendation to which they object." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (citations omitted);

3

see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)"). Furthermore, "[a]n objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of Rule 72(b)." Healing Power, Inc. v. Ace Cont'l Exports, Ltd., No. 07-CV-4175 (NGG) (RLM), 2008 WL 4693246, at *1 (E.D.N.Y. Oct. 17, 2008). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

### III. DISCUSSION

While Plaintiff has pointed out specific portions of the R&R to which he objects, his objections are entitled only to clear error review because he has simply rehashed and reiterated his prior arguments from his Opposition to Defendants' Motion for Summary Judgment. (Pl.'s Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Summ. J. Opp'n") (Dkt. 57).) See Pall Corp., 249 F.R.D. at 51 (E.D.N.Y. 2008) ("When a party . . . simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."). The court has therefore reviewed Judge Mann's R&R for instances of clear error and finds none. In addition, even under de novo review, the court finds no error.

#### A. Support for Finding of Probable Cause for Arrest

Plaintiff argues that Judge Mann erred in finding that Coughlin had probable cause for Plaintiff's arrest. (Pl.'s Obj. at 2.) However, Plaintiff bases this objection on the same argument that he made in his opposition brief, namely that Coughlin's awareness of a "bitter prior relationship" between Jane and Plaintiff required Coughlin to investigate further and seek

4

corroborating evidence to support Jane's allegations. (See Pl.'s Obj. at 2; Pl.'s Summ. J. Opp'n at 5-7, (quoting Sankar v. City of New York, 867 F. Supp. 2d 297, 306 (E.D.N.Y. 2012)).) Plaintiff concedes that Judge Mann identified the correct legal standard, and he does not allege that the R&R failed to address this argument. Instead, he objects to Judge Mann's ultimate determination that Coughlin nonetheless obtained sufficient corroborating evidence to support a finding of probable cause for Plaintiff's arrest. (Pl.'s Obj. at 2.) As Plaintiff offers the same arguments in his Objection as in his Summary Judgment Opposition, the court reviews Judge Mann's determination for clear error only. See J.E. ex rel. Edwards v. Ctr. Moriches Union Free Sch. Dist., 898 F. Supp. 2d 516, 527 (E.D.N.Y. 2012) (applying clear error review where plaintiff's objections are "simply an attempt to rehash the same arguments that the magistrate considered and found deficient").

As Judge Mann explained, the existence of probable cause is a complete defense to a claim for false arrest. (See R&R at 15 (citing Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)).) "In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant, 101 F.3d at 852. "[T]he probable cause inquiry is based upon whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest, i.e., it is objective rather than subjective." Torraco v. Port Auth. of N.Y. & N.J., 615 F.3d 129, 139 (2d Cir. 2010) (internal citation and quotation marks omitted). Even when information originally supporting a finding of probable cause is later determined to be false or inaccurate, probable cause may still exist "so long as the arresting officer was

reasonable in relying on that information." Bernard v. United States, 25 F.3d 98, 103 (2d Cir. 1994).

In response to Plaintiff's argument that Jane's allegations alone could not give rise to probable cause for Plaintiff's arrest, Judge Mann acknowledged that where an officer is aware of a "bitter prior relationship" between the alleged victim and the accused, the victim's assertions alone "may not constitute probable cause; the office may need to investigate further." (R&R at 16 (quoting Sankar, 867 F. Supp. 2d at 306).) However, "the fact that a victim may be entangled in a domestic dispute does not, in and of itself, undermine the victim's veracity." Weiner v. McKeefery, No. 11-CV-2254 (JFB) (AKT), 2015 WL 1055890, at *7 (E.D.N.Y. Mar. 11, 2015). Judge Mann noted that Coughlin met personally with Jane, and that Jane provided Coughlin with documentation showing that she had sent an order of protection to Plaintiff in Florida, including a sworn affidavit to that effect. (R&R at 19.) Based on her review of the undisputed facts, Judge Mann found that "Coughlin's follow-up debriefing of Jane, who reconfirmed and amplified her initial accusation, more than satisfied any . . . obligation [for further investigation]." (Id.)

Plaintiff further argues that he was not aware of the Second Order of Protection, and that Coughlin likewise should have investigated further to obtain proof that the order was actually delivered. (Pl.'s Obj. at 5.) This argument is also repeated and paraphrased from Plaintiff's Summary Judgment Opposition (Compare Pl.'s Obj. at 5-6, with Pl.'s Summ. J. Opp'n at 8, 15), and it was fully addressed in the R&R. Judge Mann reasoned that, while Plaintiff indeed may not have received the Second Order of Protection, his acknowledgment that he had at one point received an order of protection further corroborated Jane's allegations, providing additional support for Coughlin's finding of probable cause for the arrest. (R&R at 19.) See Brodie v.

6

Fuhrman, No. 07-CV-4212 (DGT), 2010 WL 1189347, at *7 (E.D.N.Y. Mar. 29, 2010) ("[A]lthough [the arresting officer] could have conducted a more thorough investigation that might have exculpated plaintiff, he had no duty to do so.").

Finally, Plaintiff argues that Nieves's complaints also could not have supported a finding of probable cause for Plaintiff's arrest, because Nieves did not execute her supporting deposition until October 5, 2010, after Plaintiff had already been arrested. (Pl.'s Obj. at 7.) Again, this argument is simply repeated from Plaintiff's Summary Judgment Opposition (Compare Pl.'s Obj. at 7, with Pl's Summ. J. Opp'n at 9-10), and it was fully addressed in the R&R. Judge Mann noted that Coughlin testified to having communicated with Nieves before Plaintiff's arrest, and that the criminal complaint to which Coughlin swore on the day of the arrest confirms that Nieves told him that Plaintiff had called her residence numerous times during the first week of August 2010. (R&R at 20 (citing Criminal Compl., People v. Nansaram (Decl. of Okechukwu Valentine Nnebe in Opp'n to Defs.' Mot. for Summ. J. ("Nnebe Decl.") (Dkt. 59), Ex. 24 (Dkt. 59-24))).) Judge Mann also noted that Jane executed her supporting deposition on the day of Plaintiff's arrest. (Id.) An arresting officer may consider the victim's willingness to make a sworn statement in support of her allegations as corroboration of her initial allegations. See Weiner, 2015 WL 1055890, at *6 (citing Panetta v. Crowley, 460 F.3d 388, 397 (2d Cir. 2006)); see also Brodie, 2010 WL 1189347, at *6 (complainant's identification of plaintiff in an official police report corroborated complainant's allegations and supplied probable cause).

In Plaintiff's first objection, he has repeated the same three arguments against Coughlin's determination of probable cause that he raised earlier in his Opposition to Summary Judgment, all of which were fully addressed in the R&R. Judge Mann found that Coughlin's full debriefing of Jane provided more than enough corroborating evidence to support her allegations,

mitigating potential concerns of untrustworthiness due to their prior relationship. (R&R at 19.) Judge Mann next found that Plaintiff's acknowledgment of having received an order of protection further bolstered Coughlin's determination of probable cause because the probable cause inquiry asks only whether the arresting officer was objectively reasonable in relying on information known to him at the time of the arrest. (Id.) See Torraco, 615 F.3d at 139 (probable cause inquiry is objective rather than subjective); Bernard, 25 F.3d at 103 (probable cause exists if the arresting officer reasonably relies on information that is later revealed to be false or inaccurate). Finally, Judge Mann found that Nieves's complaints further supported a finding of probable cause, despite the fact that Nieves executed her supporting deposition after Plaintiff's arrest, because Coughlin spoke to Nieves before the arrest. (R&R at 20.)

In sum, Judge Mann determined that the undisputed facts known to Coughlin at the time of the arrest all contributed to provide sufficient evidence supporting Jane's allegations that Plaintiff had harassed her in violation of a valid order of protection. (Id. at 20-21.) Further, Judge Mann found that Plaintiff failed to identify anything that would undermine the determination of probable cause or require further investigation. (Id. at 21.) Because this analysis is not clearly erroneous, Plaintiff's first objection is overruled.

### B.   Coughlin's Entitlement to Qualified Immunity

Plaintiff next objects to Judge Mann's determination that Coughlin is entitled to qualified immunity, arguing that Coughlin's actions were objectively unreasonable because Coughlin lacked probable cause for the arrest. (Pl.'s Obj. at 8.) However, this argument is also a reiteration of the argument made in Plaintiff's Opposition to Summary Judgment (Compare Pl.'s Obj. at 8, with Pl.'s Summ. J. Opp'n at 24-25), and it was fully addressed in the R&R. When a party "simply reiterates" his prior arguments, the court will review the report and

recommendation only for clear error. Pinkney v. Progressive Home Health Servs., No. 06-CV-5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

As Judge Mann noted in the R&R, the doctrine of qualified immunity shields an arresting officer from liability under state and federal law where there is "arguable probable cause" for the arrest. Escalara v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004); Gilliard v. City of New York, No. 10-CV-5187 (NGG) (CLP), 2013 WL 521529, at *9 (E.D.N.Y. Feb. 11, 2013). "Arguable probable cause exists 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" Escalara, 361 F.3d at 743 (quoting Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991)). As noted in the review of Plaintiff's first objection above, Judge Mann did not commit clear error in her determination that probable cause existed for Plaintiff's arrest. She also found for the same reasons that, at a minimum, officers of reasonable competence could disagree as to whether there was probable cause to arrest Plaintiff. (R&R at 25.) According to this reasoning, Judge Mann determined that both alternate prongs of the test for arguable probable cause were met, and Coughlin was therefore entitled to qualified immunity as to Plaintiff's false arrest claim. (Id.) Because there is nothing clearly erroneous in this reasoning, Plaintiff's second objection is overruled.

C. **Malicious Prosecution**

Plaintiff next objects to Judge Mann's determination that City Defendants are entitled to summary judgment on Plaintiff's malicious prosecution claim, arguing that there was lack of probable cause both to commence and continue the prosecution, and that Coughlin acted with malice in representing to the District Attorney that Plaintiff had admitted being aware of the order of protection. (Pl.'s Obj. at 8-11.) Again, these arguments are repeated nearly word-for-

word from Plaintiff's Opposition to Summary Judgment. (Compare Pl.'s Obj. at 5, 9-10, with Pl.'s Summ. J. Opp'n at 8, 15-17.) The court therefore reviews Judge Mann's determination for clear error only. See Edwards, 898 F. Supp. 2d at 527 (applying clear error review where plaintiff's objections are "simply an attempt to rehash the same arguments that the magistrate considered and found deficient").

To succeed on a claim of malicious prosecution under New York or federal law, a plaintiff must show that: (1) the defendant initiated a prosecution against the plaintiff; (2) the defendant lacked probable cause to believe the proceeding could succeed; (3) the defendant acted with malice; and (4) the prosecution terminated in plaintiff's favor. See Rohman v. N.Y.C. Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000). A federal malicious prosecution claim also requires that the plaintiff demonstrate a sufficient post-arraignment liberty restraint to implicate his Fourth Amendment rights. Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 117 (2d Cir. 1995). Here, there is no dispute that the prosecution terminated in Plaintiff's favor. (See Cert. of Disposition Dismissal (Nnebe Decl., Ex. 27 (Dkt. 59-27)).) Judge Mann therefore considered whether Plaintiff satisfied the remaining elements of a malicious prosecution claim. (R&R at 22.)

### 1. Initiation of Prosecution

A prosecutor is presumed to exercise independent judgment in initiating and continuing a criminal proceeding. Espada v. Schneider, 522 F. Supp. 2d 544, 553 (S.D.N.Y. 2007). A plaintiff may, however, overcome that presumption by demonstrating that the defendant "play[ed] an active role in the prosecution," Manganiello v. City of New York, 612 F.3d 149, 163 (2d Cir. 2010), or "creat[ed] false information likely to influence a jury's decision and forward[ed] that information to prosecutors . . . ." Ricciuti v. N.Y.C. Transit Auth., 124

F.3d 123, 130 (2d Cir. 1997). "To initiate a prosecution, a defendant must do more than report the crime or give testimony." Manganiello, 612 F.3d at 163.

Judge Mann found that the evidence of Coughlin's involvement in the prosecution was "consistent with merely reporting the results of his investigation and acting at the behest of the prosecuting attorney." (R&R at 23 (quoting Espada, 522 F. Supp. 2d. at 553).) While some courts have found triable issues of fact with respect to whether an officer initiated a criminal proceeding where the officer merely swore out the criminal complaint (see, e.g., id.), Judge Mann found that the court need not determine whether Coughlin initiated the prosecution because other grounds exist to grant City Defendants summary judgment on Plaintiff's malicious prosecution claims. The court finds no clear error in Judge Mann's determination.

2. Probable Cause

Where an arrest is supported by probable cause, a malicious prosecution claim will fail unless the plaintiff shows that the "authorities became aware of exculpatory evidence between the time of the arrest and subsequent prosecution that would undermine the probable cause which supported the arrest." Nzegwu v. Friedman, No. 10-CV-02994 (CBA) (RML), 2014 WL 1311428, at *11 (E.D.N.Y. Mar. 31, 2014) (internal citations omitted)).

Plaintiff's malicious prosecution claim is based on his charge of criminal contempt in the second degree, N.Y. Penal Law § 215.50, which applies to "[i]ntentional disobedience or resistance to the lawful process or other mandate of a court . . . ." N.Y. Penal Law § 215.50(3). (See Pl.'s Summ. J. Opp'n at 15-16.) To be guilty of criminal contempt in the second degree for violating an order of protection, a person must have "knowledge of the existence and terms of the order of protection [he] is alleged to have violated." People v. Garcia, 998 N.Y.S.2d 605, 611 (N.Y. Cnty. Crim. Ct. 2014); see also Sankar, 867 F. Supp. 2d at 308.

11

Plaintiff argues that Coughlin lacked probable cause to believe that the criminal contempt charge could succeed because Coughlin presumably knew that Plaintiff was unaware of the order of protection. (Pl.'s Obj. at 8-10; Pl.'s Summ. J. Opp'n at 16-17.) However, Judge Mann noted that Plaintiff himself testified that he told Coughlin at the time of his arrest that he was aware of an order of protection against him. (R&R at 24.) Judge Mann determined that, while Plaintiff may have been unaware of the operative order of protection, there is no evidence that Coughlin was aware that there were two orders of protection and that Plaintiff was referring only to the earlier one. (Id. at 25.) Judge Mann therefore found that, because Plaintiff did not cite to any evidence that Coughlin became aware of exculpatory evidence following Plaintiff's arrest, the probable cause that supported Plaintiff's arrest had not dissipated and thus continued to support Plaintiff's prosecution for both harassment and criminal contempt. Judge Mann further determined that, because there was at least arguable probable cause for Plaintiff's prosecution, Coughlin is entitled to summary judgment on the basis of qualified immunity. (Id. (citing Gaston v. City of New York, 851 F. Supp. 2d 780, 795-96 (S.D.N.Y. 2012); Alcantara v. City of New York, 646 F. Supp. 2d 449, 462 (S.D.N.Y. 2009)).) The court finds no clear error in Judge Mann's determination.

3. Malice

A showing of malice in connection with a malicious prosecution claim requires "that the defendant . . . commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996) (quotation marks omitted). "[A] lack of probable cause generally creates an inference of malice." Manganiello, 612 F.3d at 163 (citation omitted).

Plaintiff's objections to the R&R reiterate the same conclusory allegations of malice that he argued in his Opposition to Summary Judgment. (Compare Pl.'s Obj. at 9-10, with Pl.'s Summ. J. Opp'n at 16-17.) Judge Mann determined that Plaintiff failed to present any evidence supporting his contention that Coughlin had a collateral motive in pursuing the prosecution or that Coughlin had deliberately falsified his statements in support of the criminal complaint. (R&R at 26.) The court finds no clear error in Judge Mann's determination.

    4.    Deprivation of Liberty

A federal malicious prosecution claim requires that the plaintiff demonstrate a sufficient post-arraignment liberty restraint to implicate his Fourth Amendment rights. Singer, 63 F.3d at 117. The Second Circuit has held that required post-arraignment court appearances constitute a deprivation of liberty implicating a plaintiff's Fourth Amendment rights. Swartz v. Insogna, 704 F.3d 105, 112 (2d Cir. 2013).

Judge Mann noted that Plaintiff's malicious prosecution claim is focused on the charge of criminal contempt, but that all of his court appearances were made in relation to all five charges against him, including his four harassment-related charges. (R&R at 26.) Even assuming arguendo that there was no probable cause to prosecute Plaintiff for criminal contempt, Judge Mann found that Plaintiff nonetheless failed to show anything in the record that would suggest a lack of probable cause supporting the harassment charges. (Id.) On this additional ground, Judge Mann found that City Defendants were entitled to summary judgment on Plaintiff's federal malicious prosecution claim. (Id. at 27.) Because Plaintiff does not specifically object to Judge Mann's reasoning with respect to this element of the malicious prosecution claim, the court reviews the determination for clear error and finds none.

Judge Mann found that Plaintiff failed to satisfy the required elements for a malicious prosecution claim. Having found nothing clearly erroneous in this analysis, the court overrules Plaintiff's third objection.

D. **Dismissal of State Law Claims**

Plaintiff also alleges several state law claims against the Banzons, including violation of the New York State Constitution, and tort claims for false arrest, malicious prosecution, and negligent and intentional infliction of emotional distress. (See Compl. ¶¶ 68-88.) In her R&R recommending dismissal of all of Plaintiff's federal claims, Judge Mann further recommended that this court, in its discretion, decline to exercise supplemental jurisdiction over those state law claims pursuant to 28 U.S.C. § 1367. (R&R at 37.) Weider v. City of New York, No. 09-CV-3914 (WKF) (VVP), 2013 WL 1810751, at *14 (E.D.N.Y. Apr. 29, 2013), aff'd, 569 F. App'x 28 (2d Cir. 2014) (summary order) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)). Plaintiff objects to Judge Mann's recommendation with one sentence urging the exercise of supplemental jurisdiction over his state law claims because of the discovery that has already been conducted. (Pl.'s Obj. at 12.) It is not clear whether this objection is sufficiently specific to satisfy the requirements for de novo review. Even under de novo review, however, the court agrees with Judge Mann that the circumstances of this case do not weigh in favor of exercising supplemental jurisdiction over Plaintiff's state law claims.

The district court has broad discretion as to whether to exercise its supplemental jurisdiction over state law claims where all federal claims have been dismissed. See 28 U.S.C. § 1367(c). In making this decision, the court should balance the traditional "values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). The Supreme Court and the Second Circuit have held that, as a general

14

rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'" In re Merrill Lynch Ltd. P'ships Litig., 154 F.3d 56, 61 (2d Cir. 1998) (quoting Gibbs, 383 U.S. at 726).

Here, Plaintiff argues that "substantial discoveries [sic]" have been conducted, but he does not elaborate on the extent of that discovery. Regardless, the parties would not need to repeat discovery if Plaintiff decides to bring his state law claims in state court. See Kelsey v. City of New York, No. 03-CV-5978 (JFB) (KAM), 2006 WL 3725543, at *11 (E.D.N.Y. Dec. 18, 2006) (declining to exercise supplemental jurisdiction since discovery would not need to be repeated if plaintiff litigated the claim in state court). Furthermore, Plaintiff will not be prejudiced by the dismissal of these claims with regard to the statute of limitations, because, "pursuant to 28 U.S.C. §1367(d), the limitations period is tolled while the claims are pending and for 30 days after they are dismissed." Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008). The court accordingly declines to exercise supplemental jurisdiction over these claims and Plaintiff's objection is overruled.

### E. Remaining Recommendations to Which Plaintiff Did Not Object

As Judge Mann noted in her R&R, Plaintiff's opposition brief did not address City Defendants' arguments with respect to his claims for violation of due process rights, violation of equal protection and other rights under the New York Constitution, unreasonable search and seizure, negligent or intentional infliction of emotional distress, and negligent hiring and retention. (R&R at 33.) Plaintiff also did not address City Defendants' challenge to his federal and state claims against Coughlin for excessive force and assault. (Id. at 27.) Judge Mann accordingly found that these claims had all been abandoned (id. at 33), and Plaintiff did not

object to this finding. Plaintiff also did not object to Judge Mann's recommendation to dismiss the claims against the City for municipal liability (id. at 28-29) and race-based conspiracy (id. at 29-32). With respect to his claims against the Banzons, Plaintiff did not object to Judge Mann's recommendation to dismiss the claims for Section 1985 conspiracy and violation of due process. As a result, the court has reviewed these recommendations for clear error and finds none. See Duncanson v. N.Y. State Educ. Dep't, No. 13-CV-6030 (CBA), 2015 WL 631374, at *1 (E.D.N.Y. Feb. 12, 2015) ("To accept those portions of the R&R to which no timely objection has been made, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" (quoting Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011))).

## IV. CONCLUSION

For the reasons set forth above, all of Plaintiff's objections are OVERRULED. Therefore, the court ADOPTS the R&R in its entirety. Accordingly, City Defendants' motion for summary judgment is GRANTED IN FULL. The Banzons' Motion for Summary Judgment is GRANTED with respect to Plaintiff's federal claims, and the Plaintiff's remaining state law claims against the Banzons are DISMISSED without prejudice. The Clerk of the Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: Brooklyn, New York
September 16, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge